UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| successor to NATIONAL CITY BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-1415-WTL-TAB |
| | ) | |
| GPL OUTLOTS, LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are the parties' intertwining discovery motions.  Plaintiff moves the Court to stay discovery pending resolution of its summary judgment motion.  [Docket No. 30.] Defendants oppose any stay and request additional time to respond to the summary judgment motion.  [Docket No. 36.]

Defendants seek discovery of the drafting and negotiation history of the Master Loan Agreement at issue in this case.  [Docket No. 38 at 7–8.]  Plaintiff argues that such evidence is extrinsic and barred by a provision of the Indiana Lender Liability Act which requires credit agreements to be signed writings setting out all material terms and conditions.  Ind. Code § 26-2-9-4.  However, Plaintiff offers no precedent for applying the ILLA to bar evidence relevant to interpreting an ambiguous written credit agreement, as Defendants characterize the Master Loan Agreement.  Without authority for applying the ILLA to foreclose the ample discovery allowed in federal courts, this argument falters.  *See Eli Lilly & Co. v. Valeant Pharms. Int'l*, No. 1:08-cv-1720-SEB-TAB, 2009 WL 4745664 (S.D. Ind. Dec. 4, 2009).

1

Plaintiff further argues that Defendants' discovery requests are inadmissible, irrelevant, and immaterial.  [Docket No. 41 at 13–16.]  However, Federal Rule of Civil Procedure 56(f) permits continuances to conduct other discovery whenever a party "cannot present facts essential to justify its opposition."  This is a liberal rule seeking to "safeguard against a premature grant of summary judgment."  *Craig & Landreth, Inc. v. Mazda Motors of Am., Inc.*, 4:07-cv-0134-SEB-WGH, 2010 WL 107346, at *1 (S.D. Ind. Jan, 6, 2010).  Moreover, Rule 26(b)(1) allows discovery so long as it "appears reasonably calculated to lead to the discovery of admissible evidence."  Defendants have met this burden.  No discovery has taken place to date, and Defendants have shown discovery is needed to demonstrate their own interpretations and application of allegedly ambiguous provisions in the non-integrated MLA as well as to pursue their estoppel defense.  [Docket No. 46 at 5–7.]

In addition, Defendants request discovery related to Plaintiff's alleged damages.  [Docket No. 38 at 11.]  Plaintiff objects that the calculation of damages is outside the scope of 56(f).  [Docket No. 41 at 10.]  But Plaintiff chose to present the issues of liability and damages in its summary judgment motion, requesting a judgment of $1,119,193.24 and $16,000 in attorney's fees.  [Docket No. 29, Ex. 3; *Id.*, Ex. 4.]  Discovery about damages is therefore relevant, and Defendants shall be permitted to obtain discovery from Plaintiff in order to rebut Plaintiff's requested judgment.  Defendants are also entitled to discovery of Plaintiff's nonprivileged billing statements or invoices utilized to calculate its attorney's fees.

For these reasons, the Court denies Plaintiff's motion to stay discovery [Docket No. 30] and grants in part Defendants' Rule 56(f) motion.  [Docket No. 36.]  Defendants shall be permitted to conduct discovery and shall file their response to the Plaintiff's March 8, 2010,

summary judgment motion within 70 days of this order.

Dated:   07/01/2010

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Whitney L. Mosby
BINGHAM MCHALE LLP
wmosby@binghammchale.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Thomas C. Scherer
BINGHAM MCHALE LLP
tscherer@binghammchale.com

Steven C. Shockley
TAFT STETTINIUS & HOLLISTER LLP
sshockley@taftlaw.com

3